IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **07-cv-00612-JLK**

**TATE LEISY**, individually and on behalf of and as next friend of T.L. Leisy, a minor;
**WENDY LEISY**, individually and on behalf of and as next friend of T.L. Leisy, a minor; and
**T.L. LEISY**, a minor, through his parents and next friends Tate Leisy and Wendy Leisy,

      Plaintiffs/Counterclaim Defendants,

v.

**ROSE ART INDUSTRIES, INC.**, believed to be a New Jersey corporation;
**MEGA BRANDS**, a foreign corporation;
**ABC CORPORATIONS 1-10**, believed to be the parent corporation(s) of Rose Art, Inc.;
**ABC CORPORATIONS 11-20**, believed to be wholly owned subsidiaries of Rose Art, Inc.; and
**WAL-MART STORES, INC.**, believed to be an Arkansas corporation,

      Defendants/Counterclaim Plaintiffs.

**MEGA BRANDS AMERICA, INC.,** a New Jersey corporation, and
**MEGA BRANDS, INC.,** a Canadian corporation,

      Third-Party Plaintiffs,

v.

**LAWRENCE I. ROSEN,**
**JEFFREY H. ROSEN,** and
**SYDNEY I. ROSEN**,

      Third-Party Defendants.

---

## ORDER

---

Kane, J.

This matter is before me on Third-Party Defendants' Motion to Dismiss the Third-Party Complaint (Doc. 18). Having reviewed the Motion, the attendant briefs of the parties, and being fully apprised of the facts and representations set forth in several salient filings in the record, I

DENY the Motion but STAY all proceedings on the Third-Party Complaint until further order of the court. The Third-Party Plaintiff and Defendants in this case are engaged in litigation in New York over matters that include the Stock Purchase Agreement that forms the basis for their indemnification dispute here, and that litigation has proceeded through discovery and is currently before Judge Swain of the Southern District of New York on Mega Brands's Motion to Compel Arbitration. I see no reason to clutter the personal injury liability action before me with largely duplicative proceedings related to a third-party indemnification claim that may or may not become an issue once liability is determined in this case. Given the ongoing New York proceedings, the indemnification issues inherent in the Third-Party Complaint may have already been resolved if and when liability is determined here. The Motion to Dismiss Third-Party Complaint (Doc. 18) is DENIED. Proceedings on the Third-Party Complaint are STAYED. The stay may be lifted at any time by order of the court upon a showing, by written motion, of good cause.

Dated January 4, 2008.                    **s/John L. Kane**
                                          SENIOR U.S. DISTRICT JUDGE